Filed 11/26/13  P. v. Torres CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FERNANDO NANDA TORRES,<br><br>    Defendant and Appellant. | G047492<br><br>(Super. Ct. No. 10CF0604)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed as modified.

Kurt David Hermansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson, Elizabeth M. Carino, and Paige Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Fernando Nanda Torres was convicted by a jury of first degree murder (Penal Code, § 187 (count 1))[1] and active participation in a criminal street gang (§ 186.22, subd. (a) (count 2)).  The jury also found true sentencing enhancements for murder committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)), and personal discharge of a firearm causing death.

The trial court sentenced Torres to a total term of 50 years to life, consisting of an indeterminate term of 25 years to life for first degree murder, plus a consecutive 25 years to life for discharging a firearm during the commission of the crime.  Pursuant to section 186.22, subdivision (b)(1) and (5), Torres's minimum parole eligibility is 15 years.  The trial court stayed sentence on count 2 pursuant to section 654.

Torres challenges the sufficiency of the evidence to support the conviction on count 2 for active participation in a criminal street gang (§ 186.22, subd. (a)) on constitutional grounds and under *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*).  He further contends the trial court erred by instructing the jury that it could find him guilty of active participation in a criminal street gang "*whether or not he acted in concert with another gang member*."  (Boldface omitted.)  The Attorney General conceded *Rodriguez* bars a conviction on this count because Torres acted alone and that concession is well-taken.  Because count 2 is reversed on these grounds, we need not address Torres's related claim of instructional error.

Torres also claims his trial attorney rendered ineffective assistance of counsel by failing to object on Evidence Code section 352 grounds to "unduly prejudicial gang evidence."  We conclude counsel provided competent representation notwithstanding his failure to object on Evidence Code section 352 grounds to parts of the gang expert's testimony.  The judgment is affirmed as modified.

---

[1]  All further statutory references are to the Penal Code.

FACTS

In March 2010, 50 to 80 people attended a party at a vacant house in Santa Ana. Michael Barragon-Ramirez (Michael) attended the party with several friends and realtives. Torres, a member of the F-Troop criminal street gang, went to the party with fellow F-Troop members Patrick Palomino and Miguel Contreras.

During the party, Torres and Michael got into a fistfight. When Michael's brother tried to intervene, Torres drew a gun. Michael and his group left the party, walking through the front yard and into the street. Torres followed them into the front yard. Once there, he drew his gun and shot Michael in the head. Michael died at the hospital a few days later. Witnesses heard Torres yell "F-Troop" during the fist fight and right before the shooting. Other witnesses said they begged Torres to put away the gun, but he refused.

At trial, Santa Ana Police Detective Matthew McLeod testified as the prosecution's gang expert. An eight-year veteran of the Santa Ana Police Department's gang unit, McLeod detailed his experiences investigating gang-related crimes, particularly crimes committed by members of traditional Hispanic street gangs like F-Troop, the methods he used to obtain information about those gangs, and the culture and behavior of those members. According to McLeod, large part of intelligence gathering occurs by talking to gang members, their families and friends, and other individuals who live in the area. However, McLeod stated most community members are reluctant to speak to him because they fear reprisals from the gang.

McLeod also testified about the origins of the F-Troop gang, the area of Santa Ana the gang claims as its turf, and the size of the gang at the time the crime occurred. At the time of the shooting, he estimated F-Troop had around 150 to 200 active members, the gang's primary activities were possession of firearms and assaults with firearms, and some of these assaults proved to be fatal. To establish a pattern of criminal

gang activity, McLeod testified about two specific crimes committed by F-Troop gang members, a 2008 conviction for carrying a loaded firearm, and a 2009 conviction for firearm possession.

In McLeod's opinion, Torres was an active participant in F-Troop, and the murder was committed for the benefit of F-Troop. McLeod based his opinion on Torres's criminal history, a review of field interview cards, crime reports, and the statements of witnesses at the crime scene. In particular, McLeod found the fact that Torres yelled out F-Troop before the shooting indicative of gang-related conduct. He stated Torres engaged in a classic method of garnering respect for the gang and himself.

DISCUSSION

*Sufficiency of the Evidence and Section 186.22, subdivision (a)*

The substantive offense defined in section 186.22, subdivision (a) has three elements: (1) participation in a street gang that is more than nominal or passive; (2) knowledge the gang's members engage in, or have engaged in, a pattern of criminal gang activity; and (3) willfully promoting, furthering, or assisting in any felonious criminal conduct by members of that gang. (*People v. Lamas* (2007) 42 Cal.4th 516, 523.)

Torres challenges the sufficiency of the evidence to prove the third element of the offense. He claims there is no evidence he willfully promoted, furthered, or assisted the felonious criminal conduct of any other F-Troop member. The Attorney General concedes the issue and we agree with this concession.

The California Supreme Court recently held evidence of a lone gang member committing a felony does not prove the third element of the offense. (*Rodriguez*, *supra*, 55 Cal.4th 1125.) As the court explained, the word "members" is a plural noun. (*Id.* at p. 1132.) "Therefore, to satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious

4

criminal conduct. The plain meaning of section 186.22[, subdivision](a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Ibid.*) The felonious criminal conduct referred to in the statute must be committed "'by members of that gang.'" (*Id.* at p. 1131.)

Here, there is no evidence Torres assisted any other F-Troop gang member in the commission of a felony. To the contrary, the evidence demonstrates Torres acted alone when he shot Michael. As indicated in *Rodriguez,* "section 186.22[, subdivision] (a) reflects the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done *collectively* with gang members." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1139.) While there is sufficient evidence Torres killed Michael with the specific intent to benefit F-Troop, and thus support the gang enhancement attached to the murder, this is not sufficient to prove the substantive gang crime.[2] Consequently, the conviction on count 2 must be reversed.


*Instructional Error*

Torres also challenges the jury instruction given for count 2. (CALCRIM No. 1400) As given by the court, the instruction told the jury he could be convicted of active participation in a criminal street gang based on evidence he promoted felonious criminal conduct by members of his gang *"by directly and actively"* committing murder. (Boldface omitted.) Torres claims the court should have instructed the jury that section 186.22, subdivision (a) "requires proof that 'felonious criminal conduct [was] committed *by at least two gang members . . . .'"* In light of our disposition on count 2, we need not

---

2 Section 186.22, subdivision (b)(1) contains two prongs: proof that a felony was committed (1) "for the benefit of, at the direction of, or in association with any criminal street gang," and (2) "with the specific intent to promote, further, or assist in any criminal conduct by gang members[.]" (§ 186.22, subd. (b)(1); see also *People v. Albillar* (2010) 51 Cal.4th 47, 59.)

address Torres's claim of instructional error by the trial court. Nor do we pass judgment on his related claim CALCRIM No. 1400 should be amended.

*Ineffective Assistance of Counsel*

As part of the foundation for his expert opinion, McLeod testified, "I would number total gang members [in Santa Ana] I'd say definitely exceeding five, 600 at least, possibly up to 800." He also testified the F-Troop gang had "no less than a hundred fifty, 200. Once again, with the numbers growing every day, I don't think I could give you an upper umbrella." McLeod also stated that one basis for his expert opinions was his discussions with family members and gang-crime victims, which included "how they've been threatened, their knowledge of the patterns of criminal street gang members, the territories they control. And this information comes from individuals as young as six, seven years old to, you know, individuals probably in their sixties or seventies." McLeod also estimated he had talked to hundreds, if not thousands of witnesses to gang crimes.

Torres asserts the only reason for these three particular bits of McLeod's testimony was to "scare the jurors." Specifically, he argues a reasonably competent attorney would have objected to McLeod's testimony about the number of gang members in Santa Ana, and the number and ages of witnesses and victims of gang crimes he has interviewed.[3] We disagree.

"To establish ineffective assistance, defendant bears the burden of showing, first, that counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms. Second, a defendant must establish that, absent counsel's error, it is reasonably probable that the verdict would have been

---

[3] Torres expressly limits his ineffective assistance of counsel claim to the gang conviction on count 2 and the true finding on the gang enhancement on count 1 because, as he admits, overwhelming evidence supports the murder conviction on count 1 and the gun enhancement.

more favorable to him. [Citations.]" (*People v. Hawkins* (1995) 10 Cal.4th 920, 940, overruled on other grounds in *People v. Lasko* (2000) 23 Cal.4th 101, 110 and *People v. Blakeley* (2000) 23 Cal.4th 82, 89.) Torres has not met his burden of showing either prong of his ineffective assistance of counsel claim.

"It is well settled that a trier of fact may rely on expert testimony about gang culture and habits to reach a finding on a gang allegation. [Citation.]" (*In re Frank S.* (2006) 141 Cal.App.4th 1192, 1196.) Irrespective of our disposition of count 2, McLeod's expert testimony was relevant to the gang enhancement attached to count 1. *Rodriguez* stated the substantive offense of active participation in a criminal street gang and the gang sentencing enhancement "strike at different things." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1138.) In particular, section 186.22, subdivision (b)(1) punishes felonies committed with the specific intent to benefit the gang, while section 186.22, subdivision (a) punishes action in concert between gang members regardless of whether the felony was gang related. (*Ibid.*) The gang evidence here provided a necessary foundation for McLeod's expert opinion defendant intended to benefit F-Troop by shooting Michael. (See *People v. Gardeley* (1996) 14 Cal.4th 605, 618.) In short, any objection here to foundational information was not likely to prevail and wholly unnecessary. (See *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1147-1148 ["'Competent counsel is not required to make all conceivable motions or to leave an exhaustive paper trail for the sake of the record.'"].)

Moreover, while Evidence Code section 352 gives the trial court discretion to determine if otherwise relevant evidence should be excluded because its probative value is substantially outweighed by its prejudicial effect, the evidence Torres's claims prejudiced his case is not the type which would evoke a unique, emotional bias against him without regard to its relevance on material issues. (*People v. Kipp* (2001) 26 Cal.4th 1100, 1121.) To the contrary, McLeod's observations on the size of gang population in Santa Ana, the number of members in the F-Troop gang, and the number of

witnesses and victims of gang crimes he has talked in forming his opinion were probative to the basis for his expert opinion and necessary to the jury's understanding of the pertinent issues. Thus, trial counsel adequately represented Torres at trial.

However, even assuming deficient performance, Torres has not demonstrated there is a reasonable probability of a more favorable result absent the objectionable portions of McLeod's expert testimony. As noted, the gang enhancement required the prosecution to prove Torres committed murder with the specific intent to promote his gang. Here, Torres and another F-Troop gang member got into a fist fight with Michael. When Torres escalated the violence by drawing a gun he yelled, "F-Troop." Michael attempted to withdraw from the conflict by leaving the scene, but Torres followed him, yelled "F-Troop" again, and then fired the lethal shot. McLeod testified to the importance of respect to gangs and their individual members, and that the more violent crimes garner more respect. In light of the overwhelming evidence supporting the jury's true finding on the gang enhancement, McLeod's observations about the total number of gang members in Santa Ana, the approximate number of F-Troop gang members in Santa Ana, and the numbers and types of people he uses for intelligence gathering, did not prejudice Torres's case.

DISPOSITION

The conviction on count 2, active participation in a criminal street gang, is reversed.  The clerk of the superior court is directed to correct the abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.