[No. F049045. Fifth Dist. Aug. 1, 2006.]

In re FRANK S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FRANK S., Defendant and Appellant.

COUNSEL

Michelle Guardado, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Minor.

OPINION

**VARTABEDIAN, Acting P. J.**—The juvenile division of the superior court found true against appellant Frank S., a minor, one count of carrying a concealed dirk or dagger (Pen. Code, § 12020, subd. (a)(4))[1] with a gang enhancement (§ 186.22, subd. (b)(1)), one count of possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)), and one count of false representation to a peace officer (§ 148.9, subd. (a)). The minor appeals, claiming sufficient evidence does not exist to support the court's finding true the special allegation that appellant possessed the dirk or dagger for the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

benefit of his gang with the specific intent to promote, further, or assist criminal gang behavior. We agree and reverse the special allegation. We publish this case to emphasize that crimes may not be found to be gang-related based solely upon a perpetrator's criminal history and gang affiliations.

## FACTS

On July 17, 2005, a Visalia police officer initiated a traffic stop of the minor after he failed to stop at a red traffic light while riding a bicycle. The minor rode alone and gave a false name to the officer. The officer discovered the minor in possession of a concealed five-and-one-half-inch fixed blade knife, a small bindle of methamphetamine, and a red bandana. After the officer arrested the minor, the minor stated he had been attacked two days prior and needed the knife for protection against "the Southerners" because they feel he supports northern street gangs. The minor also stated he has several friends in the northern gangs.

The petition charged the minor with the felony of carrying a concealed dirk or dagger (§ 12020, subd. (a)(4)) with a gang enhancement (§ 186.22, subd. (b)(1)), his admitted misdemeanor of possessing methamphetamine (Health and Saf. Code, § 11377, subd. (a)), and the misdemeanor of false representation to a peace officer (§ 148.9, subd. (a)).

At the contested jurisdiction hearing, the prosecution's expert on gangs discussed her specific familiarity with the Northside Visalia gang (NSV), a faction of the Nortenos gang. She described their turf, color, hand sign, structure, primary activities, and specific number with which they are associated. In regard to the minor, the expert reported the minor listed himself as an affiliate of the Nortenos during intake at the juvenile detention facility. In her opinion, this admission alone sufficed to deem the minor a gang member. When the prosecutor asked if the minor is an active participant in NSV, the expert responded that she believes he is an active Norteno. She based this opinion on his possession of the red bandana, his admission of affiliation with the north when he entered the detention facility, and his stated need of the knife for protection since "Southerners" believed he supported Nortenos.

When asked her opinion of the minor's purpose for the knife, the expert stated the minor possessed the knife to protect himself. She also stated a gang member would use the knife for protection from rival gang members and to assault rival gangs. When asked how the minor's possession of the knife

benefited the Nortenos, she responded it helps provide them protection should they be assaulted. After the testimony and arguments, the court found all the counts true beyond a reasonable doubt and continued the minor's detainment.

## DISCUSSION

Appellant argues substantial evidence does not exist to support the juvenile court's finding true the special allegation of street terrorism. Appellant contends substantial evidence does not show he had a specific intent to promote, further, or assist in any criminal conduct by gang members. We agree.

We review claims of insufficient evidence by examining the entire record in the light most favorable to the judgment below. (*People v. Killebrew* (2002) 103 Cal.App.4th 644, 660 [126 Cal.Rptr.2d 876].) We review to determine if substantial evidence exists for a reasonable trier of fact to find the counts against the minor true beyond a reasonable doubt. (*Ibid.*) Substantial evidence must be reasonable, credible, and of solid value. (*Ibid.*) We also presume the existence of every fact the lower court could reasonably deduce from the evidence in support of its judgment. (*Ibid.*)

■ Section 186.22, subdivision (b)(1) contains the special allegation charged against the minor. It enhances an existing sentence and does not criminalize mere gang membership (*People v. Gardeley* (1996) 14 Cal.4th 605, 623 [59 Cal.Rptr.2d 356, 927 P.2d 713]); rather, it imposes additional punishment for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1).)

■ It is well settled that a trier of fact may rely on expert testimony about gang culture and habits to reach a finding on a gang allegation. (*People v. Ferraez* (2003) 112 Cal.App.4th 925, 930–931 [5 Cal.Rptr.3d 640].) California law permits a person with " 'special knowledge, skill, experience, training, or education' in a particular field to qualify as an expert witness (Evid. Code, § 720) and to give testimony in the form of an opinion (*id.*, § 801)." (*People v. Gardeley, supra,* 14 Cal.4th at p. 617.) However, Evidence Code section 801 limits this testimony to that related to a subject " 'sufficiently beyond common experience that the opinion of an expert would assist the trier of fact.' ([Evid. Code, § 801,] subd. (a).) The subject matter of the culture and habits of criminal street gangs . . . meets this

criterion. [Citations.]" (*People v. Gardeley, supra,* at p. 617.)   ■   Generally, experts may state their opinion based upon facts given in a hypothetical question asking them to assume their truth; however, the hypothetical must root itself in facts shown by the evidence. (*Id.* at p. 618.) If experts base an opinion on material not admitted into evidence, the material must be reasonably relied upon by experts in that particular field in forming their opinions and be reliable. (*Ibid.*) " 'Like a house built on sand, the expert's opinion is no better than the facts on which it is based.' " (*Ibid.*)

Expert opinion testimony allowed under *People v. Gardeley* has not included testimony that a specific individual possessed a specific intent. (*People v. Killebrew, supra,* 103 Cal.App.4th at pp. 657–658.) The cases that cite *Gardeley* repeatedly refer to expert testimony about "the 'culture and habits' of criminal street gangs [citation], including testimony about the size, composition or existence of a gang [citations], gang turf or territory [citations], an individual defendant's membership in, or association with, a gang [citations], the primary activities of a specific gang [citations], motivation for a particular crime, generally retaliation or intimidation [citations], whether and how a crime was committed to benefit or promote a gang [citations], rivalries between gangs [citation], gang-related tattoos, gang graffiti and hand signs [citations], and gang colors or attire [citations]." (*Id.* at pp. 656–657, fns. omitted.) While not an exhaustive list of all cases where expert testimony may be admissible, these cases provide guidance. (*Id.* at p. 657.)

In *People v. Killebrew,* we found the expert's testimony regarding the minor's specific intent to "promote, further, or assist" in criminal conduct by gang members (§ 186.22, subd. (b)(1)) exceeded "the type of culture and habit testimony found in the reported cases." (*People v. Killebrew, supra,* 103 Cal.App.4th at p. 654.) In *Killebrew,* the expert officer testified "that when one gang member in a car possesses a gun, every other gang member in the car knows of the gun and will constructively possess the gun."[2] (*Id.* at p. 652.) This testimony provided the only evidence to establish the elements of the crime. (*Id.* at p. 659.) Thus, we found it "did nothing more than inform the jury how [the expert] believed the case should be decided." (*Id.* at p. 658.) Similar to *Killebrew,* the expert in this case testified to "subjective

---

[2] The expert reasoned that the occupants in the cars were East Side Crips, who would only travel in large groups for mutual protection from possible retaliatory shooting from a previous incident. He opined any group of East Side Crips that ventured out that night would be armed for protection since retaliation would be expected and everyone in the group would know the car had a gun and would mutually possess the gun. He also opined that even the occupants of another car, which had no gun linked to it, would know of the guns in the other vehicles and mutually possess them. (*People v. Killebrew, supra,* 103 Cal.App.4th at p. 652, fn. 7.)

*knowledge and intent*" of the minor. (*Ibid.*) "Such testimony is much different from the *expectations* of gang members in general when confronted with a specific action." (*Ibid.*)

In *Killebrew*, we distinguished *People v. Muniz* (1993) 16 Cal.App.4th 1083 [20 Cal.Rptr.2d 460]: "In *Muniz*, an officer testified that in his opinion the defendant, a known gang member, was preparing to commit a drive-by shooting when he was observed holding a loaded semiautomatic rifle in an illegally parked car with three other known gang members. [Citation.] The officer based his opinion on facts he observed, not on inferences based on an incident to which the defendant was not connected. Moreover, the defendant's conviction was based on not only these observations, but also the defendant's admission [that he was on his way to rival gang territory to do a retaliatory drive-by shooting]. [Citation.]" (*People v. Killebrew, supra,* 103 Cal.App.4th at pp. 658–659.)

In another contrasting case, the court found the evidence sufficed to prove the defendant committed the crime for the benefit of the gang and with the specific intent to promote or assist the gang. (*People v. Gamez* (1991) 235 Cal.App.3d 957, 978 [286 Cal.Rptr. 894], overruled on other grounds in *People v. Gardeley, supra,* 14 Cal.4th 605.) The expert testimony was necessary only to give meaning to the defendant's actions. (*Gamez, supra,* at p. 967.)

In *Gamez*, "[d]efendant drove to a location in Highland Street territory. Expert testimony established that Hispanic gangs are extremely territorial; venturing onto another gang's 'turf' is done at great risk. A car parked in front of the Costa residence belonged to Guillermo Briseno, also known as 'Rambo,' who had recently been involved in the shooting of a Southside gang member. In the culture of gangs, such an incident could not go unavenged and would warrant a retaliatory strike. This constituted sufficient evidence that defendant's actions were done with the intent to aid and promote Southside." (*People v. Gamez, supra,* 235 Cal.App.3d at p. 978.)

In *People v. Ferraez*, the expert on gangs testified that a gang's reputation could be enhanced through drug sales. (*People v. Ferraez, supra,* 112 Cal.App.4th at p. 928.) The expert also stated gangs involve themselves in drug sales because it entails less risk than other profitable crimes. (*Ibid.*) However, as in the minor's case, "the expert's testimony alone would not have been sufficient to find the [offense] gang related." (*Id.* at p. 931.) While in *People v. Ferraez* other evidence coupled with the expert's testimony[3]

---

[3] In *People v. Ferraez*, the defendant planned to sell drugs in another's gang territory and had possession of the drugs. His statements to the arresting officer that he received permission from the gang to sell the drugs and his earlier admissions that he was a member of a gang on

sufficed to support the gang enhancement, here nothing besides weak inferences and hypotheticals show the minor had a gang-related purpose for the knife.

In the present case, the expert simply informed the judge of her belief of the minor's intent with possession of the knife, an issue reserved to the trier of fact. She stated the knife benefits the Nortenos since "it helps provide them protection should they be assaulted by rival gang members." However, unlike in other cases, the prosecution presented no evidence other than the expert's opinion regarding gangs in general and the expert's improper opinion on the ultimate issue to establish that possession of the weapon was "committed for the benefit of, at the direction of, or in association with any criminal street gang . . . ." (§ 186.22, subd. (b)(1).) The prosecution did not present any evidence that the minor was in gang territory, had gang members with him, or had any reason to expect to use the knife in a gang-related offense. In fact, the only other evidence was the minor's statement to the arresting officer that he had been jumped two days prior and needed the knife for protection. To allow the expert to state the minor's specific intent for the knife without any other substantial evidence opens the door for prosecutors to enhance many felonies as gang-related and extends the purpose of the statute beyond what the Legislature intended.

█ Similar to the finding in *People v. Martinez* regarding the gang registration requirement contained in section 186.30, appellant's criminal history and gang affiliations cannot solely support a finding that a crime is gang-related under section 186.22. (*People v. Martinez* (2004) 116 Cal.App.4th 753, 761 [10 Cal.Rptr.3d 751].) "The crime itself must have some connection with the activities of a gang, which we conclude means a 'criminal street gang' as defined elsewhere in Proposition 21, section 186.22, subdivisions (e) and (f)." (*Ibid.*) Based on section 186.22, a crime fails to be "gang related" unless appellant committed it " ' "for the benefit of, at the direction of, or in association with" a street gang.' " (*Martinez, supra,* at pp. 761–762.) While evidence established the minor has an affiliation with the Nortenos, membership alone does not prove a specific intent to use the knife to promote, further, or assist in criminal conduct by gang members. (*People v. Gardeley, supra,* 14 Cal.4th at p. 623.)

█ Because we find no substantial evidence supporting the specific intent element of the special allegation, we must reverse the lower court's true finding. Having negated one of the required elements of section 186.22, subdivision (b)(1), we need not respond to appellant's other contention, that the prosecution failed to prove the primary activities element.

friendly terms with that gang, also constitute circumstantial evidence of his intent. (*People v. Ferraez, supra,* 112 Cal.App.4th at p. 931.)

## DISPOSITION

The judgment finding true the gang enhancement is reversed. The judgments on all other counts are affirmed. We remand the case to the juvenile court for disposition consistent with this opinion.

Wiseman, J., and Hill, J., concurred.

A petition for a rehearing was denied August 22, 2006.