Filed 1/24/14  P. v. Cook CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>       v. <br><br> TIMONTE EMARI COOK, <br><br>     Defendant and Appellant. | A137076 <br><br> (Contra Costa County <br> Super. Ct. No. 05-120946-9) |

Defendant and appellant Timonte Emari Cook was convicted by a jury of gang and narcotics offenses, as well as of dissuading a witness.  On appeal, he challenges the sufficiency of the evidence to support his conviction on one of two counts of participation in a criminal street gang (Pen. Code, § 186.22, subd. (a))[1] and on a gang enhancement (§ 186.22, subd. (b)(l)) attached to two counts of dissuading a witness (§ 136.1, subds. (a) & (b)).  We reverse the conviction on the challenged gang participation count and otherwise affirm.

## PROCEDURAL BACKGROUND

In June 2012, appellant was charged by information with two counts of participation in a criminal street gang (§ 186.22, subd. (a); counts one & four); possession of methamphetamine for sale (Health & Saf. Code, § 11378; count two); possession of

---

[1] All undesignated section references are to the Penal Code.

1

methamphetamine while armed with a firearm (*id*., § 11370.1, subd. (a); count three); and two counts of dissuading a witness from testifying (§ 136.1, subds. (a) & (b); counts five & six). It was alleged that all of the offenses except counts one and four were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(l)).

In August 2012, a jury found appellant guilty of all counts with the exception of count two, instead finding appellant guilty of the lesser included offense of simple possession (Health & Saf. Code, § 11377). The jury also found true the gang enhancement allegations, except as to count two.

In September 2012, the trial court imposed a five-year prison term based on the three-year midterm for the conviction in count three of possession of methamphetamine while armed, plus two years on the gang enhancement.[2] The court also imposed a concurrent term for count five and the attached gang enhancement, and imposed and stayed sentences on the remaining counts and enhancements under section 654.

FACTUAL BACKGROUND

The prosecution presented evidence appellant is a member of a criminal street gang called the Easter Hill Boys (EHB). His gang moniker is "T-Mac" or "Mac." In the course of investigating a murder, police arrested appellant on November 15, 2010, at a residence in Pinole, where police found appellant with his girlfriend, Nicole Boyette, in a bedroom. Boyette was taken to the police station and questioned about appellant's actions around the time of the murder under investigation. Police also searched the bedroom and seized "44 intact methamphetamine tablets" and a loaded pistol.

At 10:30 a.m. on November 16, 2010, while appellant was in custody, appellant spoke to an individual identified on the jail call transcript (10:30 a.m. transcript) as "Pierce," who the prosecution suggested was fellow gang member Deonzelle "Doobie"

---

[2]   We note the abstract of judgment indicates the court imposed a two-year term of imprisonment on count three instead of a three-year term. We will order the trial court to correct this error.

2

Pierce.[3]  Appellant speculated about how he became a suspect, commenting "Somebody had to tell."  He expressed particular concern that Boyette[4] might talk to the police, and instructed Pierce (identified in the transcript as "male") to tell her to keep quiet, stating "Tell that bitch, start crying.  You don't know nothing."  He also told Pierce (identified in the transcript as "male"), "Man, ya'll got to tell that bitch, cuz.  Like, man, don't say shit. Just say you want to talk to a lawyer."  Pierce (identified in the transcript as "male") responded, "I'm going to tell that bitch to  . . . shut up, you don't know nothing about nothing."

Shortly thereafter, appellant asked Pierce, "Hey, why the fuck she tell them that, man?"  Appellant stated she was "[s]cared as a motherfucker."  Pierce then stated "Want to put this motherfucker on" and the 10:30 a.m. transcript then reflects appellant greeting his mother and asking to speak to Boyette.  Appellant told Boyette, "you be too scared" and "next time some shit like that happen, just, you don't know nothing, don't say nothing."  The 10:30 a.m. transcript indicates appellant spoke with Boyette a second time and again told her not to say anything to the police.  Thereafter, appellant and Pierce again expressed concern that Boyette would give information to the police.

The 10:30 a.m. transcript indicates appellant also urged Pierce to collect various debts for him, and Pierce agreed, stating "We about to go . . . get your cheese and shit." In the 10:30 a.m. call and in a subsequent 12:55 p.m. call on the same day, appellant referred to himself or Pierce referred to appellant using the gang monikers "Mac" or "T-Mac."

---

**3**   The 15-page 10:30 a.m. transcript sometimes identified the person appellant spoke with as "Pierce" and, at other times, identified the person as "male."  Because there is no indication appellant spoke with any other males during the call, it appears the unidentified male was Pierce, and our statement of facts reflects that assessment. Nevertheless, our conclusions in the present case would be the same even if the unidentified male was not Pierce and, thus, not identifiable as a gang member.

**4**   Although Boyette is not identified by name in parts of the 10:30 a.m. transcript, appellant stated the female under discussion was with his mother and later in the call asked his mother, "My girl still with you?"

DISCUSSION

Appellant challenges the sufficiency of the evidence to support his conviction on the count one charge of active participation in a criminal street gang (§ 186.22, subd. (a)) (section 186.22(a)), and the jury's finding on the gang enhancements (§ 186.22, subd. (b)(1)) (section 186.22(b)(1)) attached to the counts five and six charges of dissuading a witness from testifying. As to count one, he contends there is no substantial evidence he committed the charged narcotics and gun offenses in conjunction with another gang member. As to the gang enhancements to counts five and six, he contends there is no substantial evidence the crimes were committed for the benefit of the EHB.

Section 186.22 is part of the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.). Section 186.22 contains two relevant provisions, a substantive offense in subdivision (a) and a sentence enhancement in subdivision (b)(1). Section 186.22(a) states in pertinent part: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang" shall be punished by a jail or prison sentence. The enhancement provision, section 186.22(b)(1), provides, with exceptions not relevant here, that "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall" be punished by an enhanced penalty consecutive to the punishment for the felony. The requirements for imposition of the section 186.22(b)(1) enhancement reflect that "[n]ot every crime committed by gang members is related to a gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 60 (*Albillar*).)

"We review claims of insufficient evidence by examining the entire record in the light most favorable to the judgment below. [Citation.] We review to determine if substantial evidence exists for a reasonable trier of fact to find the counts against the [defendant] true beyond a reasonable doubt. [Citation.] Substantial evidence must be

4

reasonable, credible, and of solid value. [Citation.]" (*In re Frank S.* (2006) 141 Cal.App.4th 1192, 1196.)

As relevant to count one in the present case, in *People v. Rodriguez* (2012) 55 Cal.4th 1125, the California Supreme Court held that a gang member who acts alone in committing a felony does not violate section 186.22(a). The court held, "The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Rodriguez*, at p. 1132.) Respondent concedes appellant's count one conviction for gang participation must be reversed under *Rodriguez*. Respondent notes that the predicate felonious conduct for the count was the November 15 narcotics offense in count three, and the jury convicted appellant only of possession of the methamphetamine pills rather than possession for sale. We agree there is no substantial evidence that appellant acted in concert with another gang member in committing that offense and the conviction on the count one gang participation charge must be reversed.

With respect to the gang enhancements attached to counts five and six, for dissuading a witness from testifying, appellant argues, "[w]hile it is clear from the recorded telephone conversations that appellant attempted to dissuade Boyette, there is no substantial evidence that he did so to benefit" his gang. Respondent argues appellant's efforts to dissuade Boyette from providing information to the police were for the benefit of the EHB, or at least "at the direction of, or in association with" (§ 186.22(b)(1)) the EHB. Respondent relies on testimony from the prosecution's gang expert at trial that "witness intimidation is something that gang members rely on so they can continue their criminal acts while out of custody and that they're not taken off the streets, which reduces the power that the gang has as a whole." He also testified, "if there's a snitch in the group amongst gangs or the gang members, that threatens the livelihood of all the gang members, not just the one person [the snitch is] telling on" by exposing "the association amongst other gang members."

Respondent's position finds support in *People v. Morales* (2003) 112 Cal.App.4th 1176. There, three gang members committed an armed robbery together. (*Id.* at pp.

5

1179-1183.) The prosecution's gang expert was asked to assume the facts of the case and he explained that the three gang members were "acting in association with each other. The gang provided 'a ready-made manpower pool . . . .' That is, one gang member would choose to commit a crime in association with other gang members because he could count on their loyalty. They would 'watch his back . . . .' In addition, the very presence of multiple gang members would be intimidating." (*Id.* at p. 1197.) The *Morales* court noted that, although the expert's testimony might have been insufficient to establish that the crime was committed "for the *benefit* of" the defendant's gang, the enhancement is also applicable to criminal acts committed "in *association* with" the gang. (*Id.* at p. 1198.) The court concluded the evidence was sufficient to satisfy the association aspect of the element, reasoning, "the typical close case is one in which one gang member, acting alone, commits a crime. Admittedly, it is conceivable that several gang members could commit a crime together, yet be on a frolic and detour unrelated to the gang. Here, however, there was no evidence of this. Thus, the jury could reasonably infer the requisite association from the very fact that defendant committed the charged crimes in association with fellow gang members." (*Ibid.*; see also *Albillar*, *supra*, 51 Cal.4th at p. 62; *In re Daniel C.* (2011) 195 Cal.App.4th 1350, 1358-1359, 1361-1362; *People v. Ochoa* (2009) 179 Cal.App.4th 650, 661, fn. 7; *People v. Martinez* (2008) 158 Cal.App.4th 1324, 1332.)

In the present case, it is undisputed that appellant and Pierce were both members of the EHB, and that they conspired to dissuade Boyette from giving information to the police. Although it is conceivable Pierce was helping appellant as a friend rather than as a gang member, the evidence was sufficient for the jury to conclude that appellant and Pierce were acting in concert as gang members, especially in light of the gang expert's testimony regarding how the imprisonment of a gang member weakens a gang's power on the streets. Moreover, appellant was referred to by his gang moniker in several of the calls, and in the same series of calls appellant enlisted Pierce's assistance in collecting debts, which Pierce indicated he was going to do with the assistance of unidentified others. Substantial evidence supports a finding that appellant and Pierce "came together

6

*as gang members*" in dissuading Boyette and "thus, that they committed these crimes in association with the gang." (*Albillar*, *supra*, 51 Cal.4th at p. 62.)

DISPOSITION

The conviction in count one for participation in a criminal street gang is reversed and the stayed sentence imposed on that count is stricken. The trial court is directed to prepare an amended abstract of judgment to that effect and also correcting the term of imprisonment on count three to three years, plus two years on the gang enhancement. The court is further directed to forward a certified copy of the amended abstract to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.