Filed 6/27/14  In re Alfredo L. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ALFREDO L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALFREDO L.,<br><br>    Defendant and Appellant. | G049391<br><br>(Super. Ct. No. DL037087)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Minor Alfredo L. has been a ward of the court under Welfare and Institutions Code section 602 since 2010. The current petition alleged he possessed a dirk or dagger (Pen. Code, § 21310; all further statutory references are to this code), a felony, for the benefit or direction of, or in association with FOLKS (Family of Latin Kings Surenos), a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by members of the gang. (§ 186.22, subd. (b).) During the adjudication hearing, the court denied minor's motion to dismiss the criminal street gang enhancement due to insufficient evidence. It found the felony allegation and the gang enhancement to be true, declared minor a ward of the court, and sentenced him to juvenile hall for 120 days with 61 days credit.

Minor contends insufficient evidence supports the gang enhancement. We disagree and affirm the judgment.

FACTS

One morning, police officer James Pietras and gang investigator Ryan Killeen were patrolling an area documented as FOLKS claimed gang territory when they saw minor. Minor was alone, riding his scooter on his way home. Pietras remembered he had completed a Street Terrorism and Enforcement and Prevention (STEP) card for minor, who had admitted he was a member of the FOLKS gang.

When minor stopped next to the patrol car, Pietras asked if he was on probation and minor said he was. Minor initially denied possessing anything illegal on his person, but after consenting to a search, admitted having a knife under his shirt tucked into his waistband. Killeen removed a knife with a six-inch blade from minor's waistband.

Upon waiving his rights under *Miranda v. Arizona* (1996) 384 U.S. 436, 6478-479 [88 S.Ct. 1602, 16 L.Ed.2d 694], minor admitted he had been a FOLKS gang

2

member since the age of 13, and will be for life. He had gang tattoos, although they were not initially visible to Killeen, and the moniker of "Little Termite." Minor said he had the knife because his gang was in a feud with another gang and several shootings had occurred between the two gangs. He knew possessing the knife was unlawful and in violation of his probation, but said he needed the knife to protect himself because he is small. If minor was confronted by a rival gang member, he would brandish it, but was unsure if he would use it.

Killeen testified as a gang expert, about gangs in general and FOLKS in particular. FOLKS gang members typically wear black and gold colors. Minor was wearing dark colors, including a black t-shirt.

Killeen opined minor was an active member of the FOLKS criminal street gang who possessed the knife "for the benefit of the FOLKS gang." He arrived at this opinion because gang members often carry knives or guns, which are used to commit crimes, "as well as protect themselves and their gang." Here, minor was a self-admitted lifetime FOLKS member with gang tattoos who carried the knife for protection from a rival gang in an ongoing conflict with his own gang. Although he carried the knife "for his protection, . . . he's got to live up to the expectations of his gang, which is to back it up through means of violence." By possessing the knife, whether he uses it or merely displays it, minor will "gain respect within the [gang] for himself," and create fear in the rival gang, which "in gang culture equals respect." He would then be able to brag about brandishing or using the knife and elevate his status within the gang. An act of violence to protect himself can also benefit the gang because of how information travels.

DISCUSSION

Minor contends insufficient evidence supports the court's finding he possessed the knife for the benefit of a criminal street gang. In reviewing sufficiency of

3

the evidence claims, we do not reweigh the evidence or assess the credibility of witnesses, but examine the entire record and draw all rational inferences from the record in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.) We conclude there is.

For the gang enhancement to be established, minor must have possessed the knife (1) "for the benefit of, at the direction of, or in association with any criminal street gang" (2) "with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1); *People v. Albillar*, *supra*, 51 Cal.4th at pp. 59-60.) "Expert opinion that particular criminal conduct benefited a gang by enhancing its reputation for viciousness can be sufficient to raise the inference that the conduct was 'committed for the benefit of . . . a[ ] criminal street gang' within the meaning of [the first prong of] section 186.22[, subdivision] (b)(1)." (*Albillar,* at p. 63.) The second prong can be established by evidence "the defendant act[ed] with a specific intent to promote, further, or assist the gang." (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1139.)

*People v. Garcia* (2007) 153 Cal.App.4th 1499 is instructive. There, officers stopped the defendant, an active gang member who had committed gang crimes, for a traffic violation and found a gun. (*Id*. at pp. 1502-1504.) Defendant contended he had been shot and possessed the gun solely for self-defense. (*Id*. at p. 1512.) Based on the gang expert's testimony on the importance of guns in gangs and the respect gang members and gangs garner from possessing guns, this court concluded sufficient evidence supported the jury's finding on the street terrorism enhancement. (*Ibid*. [while evidence may be sufficient to support finding the defendant possessed gun out of fear, it was also sufficient to support finding he did so to promote, further or assist gang].)

Substantial evidence exists here as well. Minor was an admitted lifetime FOLKS gang member. Killeen testified minor possessed the knife for the benefit of

4

FOLKS in order to gain respect within the gang and the rival gang with whom FOLKS was having a continuing conflict in which gunshots had been exchanged. Killeen also testified that in the event of a confrontation by a rival gang member, minor's possession of the knife would benefit the gang, whether he merely brandished or used it, by creating fear and respect in the rival gang. Further, minor was wearing colors consistent with those of the FOLKS gang, including a black t-shirt, which by itself may not have amounted to substantial evidence, but when combined with the other evidence in the case, suffices to allow the court to conclude minor committed the crime for the benefit of, and with the specific intent to promote, further, or assist, FOLKS within the meaning of section 186.22, section (b)(1).

Minor relies primarily on *In re Frank S.* (2006) 141 Cal.App.4th 1192, which reversed a gang enhancement because, "unlike in other cases, the prosecution presented no evidence other than the expert's opinion regarding gangs in general and the expert's improper opinion on the ultimate issue to establish that possession of the weapon was 'committed for the benefit of, at the direction of, or in association with any criminal street gang . . . .' [Citation.] The prosecution did not present any evidence that the minor was in gang territory, had gang members with him, or had any reason to expect to use the knife in a gang-related offense. In fact, the only other evidence was the minor's statement to the arresting officer that he had been jumped two days prior and needed the knife for protection. To allow the expert to state the minor's specific intent for the knife without any other substantial evidence opens the door for prosecutors to enhance many felonies as gang-related and extends the purpose of the statute beyond what the Legislature intended." (*Id.* at p. 1199.)

Here, by contrast, there was more than just an expert's testimony about gangs in general. Minor himself conceded he carried the knife for the specific purpose of using it if confronted by a rival gang member. According to Killeen, that benefits and promotes both him and FOLKS. In addition, the officers here did contact minor in

5

FOLKS claimed gang territory and minor had reason to expect he might need to use the knife in a gang-related offense, i.e., his gang had an ongoing violent feud with a rival gang. This is sufficient to create an inference minor had the requisite specific intent.

That evidence is also what distinguishes this case from two other cases cited by minor. In both, there was no evidence the crimes took place in the gang's claimed territory. (*In re Daniel C*. (2011) 195 Cal.App.4th 1350, 1356-1357, 1363-1364; *People v. Ochoa* (2009) 179 Cal.App.4th 650, 662, 653-663.) Also unlike those cases, there is no claim Killeen's premise "was factually incorrect" (*In re Daniel C*., *supra*, at p. 1364) and Killeen based his opinion on the particular facts of the case rather than speculation (*People v. Ochoa*, *supra*, at p. 663).

Minor asserts the reasoning in *People v. Rodriguez*, *supra*, 55 Cal.4th at pp. 128, 139, that a person acting alone cannot be convicted of violating section 186.22, subdivision (a) (street terrorism), also supports a conclusion that a gang member acting alone cannot violate subdivision (b) of section 186.22. It does not. (See *People v. Rios* (2013) 222 Cal.App.4th 542, 546 ["holding in *Rodriguez* — that a lone actor cannot violate section 186.22, subdivision (a) — does not apply to the separate enhancement set forth in section 186.22, subdivision (b)"].)

Minor acknowledges that a defendant acting alone "does not preclude the imposition of the gang enhancement," but notes *Rios* nevertheless considered that fact in determining the evidence did not support the gang enhancement. (*Rios*, *supra*, 222 Cal.App.4th at pp. 572-574.) Unlike in *Rios*, however, substantial evidence supports the gang enhancement notwithstanding minor being "a lone actor." (*Id*. at p. 572.)

Minor maintains the court's finding that he violated section 186.22, subdivision (b)(1) even though he was alone and riding his scooter on his way to his home two blocks away, was "purely speculative." We disagree, given that minor's admission he was carrying the knife in case he was confronted by a rival gang member, which benefits and promotes both him and FOLKS.

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

7