Filed 1/23/24  P. v. Kirkey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANNY LEE KIRKEY,<br><br>    Defendant and Appellant. | G062047<br><br>(Super. Ct. No. 22NF1572)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed and remanded for full resentencing.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kristen A. Ramirez and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Danny Lee Kirkey guilty of one count of possession of methamphetamine for sale, one count of possession of fentanyl for sale, and one count of possession of heroin for sale. Kirkey contends the trial court erred by permitting the prosecution's expert witness to opine on whether Kirkey possessed the drugs for the purpose of sales. Kirkey also contends the trial court erred by failing to impose sentences as to two of the three counts before staying execution of those sentences under Penal Code section 654.[1]

We affirm Kirby's convictions but remand for resentencing. It is well established an experienced narcotics officer may opine on whether a defendant possessed narcotics for the purpose of sales based on factors including the amount and packaging of the drugs found in the defendant's possession. Here, the trial court did not err by admitting an experienced officer's expert opinion Kirkey possessed the drugs for sales because, inter alia, Kirkey was found with a large amount of different types of drugs packaged in sellable amounts. Because, however, the trial court erred in sentencing Kirkey, we remand for full resentencing.

FACTS

On the morning of June 21, 2022, Anaheim Police Officer Mike Greene contacted Kirkey as he was walking on the second-floor balcony of a motel in an area known for drugs and other crime-related activities.[2] Kirkey appeared nervous.

Greene noticed a bulge in the right front pocket of the sweatpants Kirkey was wearing. Greene conducted a pat search of Kirkey and found in his pocket about 58 grams of methamphetamine equaling about 1,100 "usable doses." Performing a complete search of Kirkey, Greene found in Kirkey's pocket a rolled up ball of foil containing

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Kirkey and the prosecution stipulated the contact was lawful.

2

about 11 grams of fentanyl (approximately 110 doses), a baggie containing about three grams of fentanyl, another baggie containing about five grams of heroin, and a small digital scale. Greene found Kirkey's wallet in which he found one small baggie containing about five grams of methamphetamine and a second small baggie containing about two grams of fentanyl. Greene also found Kirkey's car keys; he found Kirkey's cell phone on the motel stairs.

Kirkey did not appear to be under the influence of, or suffering the effects of withdrawal from, any of the drugs Greene found. Kirkey did not have any visible track marks, abscesses, or open wounds. Greene did not find any syringes, glass pipes, spoons, straws, or other drug paraphernalia around Kirkey. During a search of Kirkey's car, the police did not find any controlled substances or drug paraphernalia.

Greene testified, based on his training on the sale of narcotics and experience in conducting about 500 investigations of narcotics sales, indicia of narcotics sales include the possession of larger amounts of drugs than is typical for personal use, scales, and cell phones for communicating with customers, tracking sales, and accessing "cash apps" for transactions to avoid carrying large sums of cash. Greene stated the way drugs are packaged in foil and baggies can indicate possession for sales. He further testified because the consumption of drugs typically requires paraphernalia in some form, the absence of such paraphernalia is significant in evaluating whether a person possesses drugs for personal use or for sales.

Greene testified that in his opinion, Kirkey possessed the methamphetamine, fentanyl, and heroin for sales because he possessed large quantities (in excess of what a user would typically possess at any given time) of three different types of separately packaged drugs in sellable quantities and he did not also have in his possession drug paraphernalia used to consume such drugs.

In addition, the trial court read the parties' stipulation to the jury: "On June 22nd, 2021, at the Cortona Inn & Suites in Orange County, California, the defendant,

3

Danny Lee Kirkey, knowingly and unlawfully possessed methamphetamine, heroin, and fentanyl with the specific intent to sell those controlled substances. [¶] On August 11th of 2021, at the Fullerton Hotel in Orange County, California, the defendant, Danny Lee Kirkey, knowingly and unlawfully possessed methamphetamine, heroin, and cocaine with the specific intent to sell those controlled substances."

PROCEDURAL HISTORY

Kirkey was charged in an amended information with one count each of possession for sale of a controlled substance (methamphetamine) (Health & Saf. Code, § 11378; count 1); possession for sale of a controlled substance (fentanyl) (Health & Saf. Code, § 11351; count 2); and possession for sale of a controlled substance (heroin) (Health & Saf. Code, § 11351; count 3). The amended information alleged, under section 12022.1, subdivision (b), Kirkey committed the offense in count 1 while out on bail.

The jury found Kirkey guilty on all counts as charged. Kirkey admitted the section 12022.1, subdivision (b) enhancement allegation.

At the sentencing hearing, the trial court sentenced Kirkey to a total term of five years by imposing the midterm of three years on count 2 and a consecutive two-year term for the section 12022.1, subdivision (b) enhancement. The court ordered Kirkey's sentence divided, pursuant to section 1170, subdivision (h)(5), and ordered Kirkey to serve three years in jail followed by a mandatory supervision period of two years. The court's minutes state the court stayed sentence on the remaining counts under section 654.

Kirkey timely appealed.

DISCUSSION

I.

THE TRIAL COURT DID NOT ERR BY ADMITTING GREENE'S EXPERT OPINION

Kirkey argues the trial court erred by permitting Greene to testify that in his expert opinion Kirkey possessed the methamphetamine, fentanyl, and heroin with the intent to sell. Kirkey does not suggest in his appellate briefs Greene was unqualified to proffer an expert opinion on whether Kirkey possessed controlled substances for the purpose of sales, and he did not object to Greene's testimony on that ground. (See *People v. Dowl* (2013) 57 Cal.4th 1079, 1089 ["defendant, by failing to object, has forfeited appellate review of whether the evidence is sufficient to establish that [the officer] was qualified to testify as an expert that defendant possessed the marijuana for purposes of sale"].)

Instead, Kirkey argues an expert witness is "prohibited from opining that the defendant had a specific intent" because "the trier of fact is as competent as the witness to weigh the evidence and draw a conclusion on the issue of guilt." He contends Greene's expert opinion was not sufficiently beyond common experience to be of assistance to the jury and thus should have been excluded. (See Evid. Code, § 801, subd. (a) [expert opinion is limited to such an opinion as is "[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact"].)

We review a trial court's admission of expert testimony for an abuse of discretion. The California Supreme Court has explained: "'When expert opinion is offered, much must be left to the trial court's discretion.'" (*People v. Rodriguez* (2014) 58 Cal.4th 587, 639; see *People v. Duong* (2020) 10 Cal.5th 36, 60 ["'The trial court has broad discretion in deciding whether to admit or exclude expert testimony . . . and its decision as to whether expert testimony meets the standard for admissibility is subject to review for abuse of discretion'"].) Expert opinion testimony """"will be excluded only

5

when it would add *nothing at all* to the jury's common fund of information, i.e., when "the subject of inquiry is one of such common knowledge that men [and women] of ordinary education could reach a conclusion as intelligently as the witness."'""'" (*People v. Edwards* (2013) 57 Cal.4th 658, 756.)

The California Supreme Court has also stated "it is settled that an officer with experience in the narcotics field may give his opinion that the narcotics are held for purposes of sale based upon matters such as quantity, packaging, and the normal use of an individual." (*People v. Hunt* (1971) 4 Cal.3d 231, 237; see *People v. Newman* (1971) 5 Cal.3d 48, 53 ["In cases involving possession of marijuana or [methamphetamine], experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as the quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld"], disapproved on another ground in *People v. Daniels* (1975) 14 Cal.3d 857, 862.) "Thereafter, it is for the jury to credit such opinion or reject it." (*People v. Harris* (2000) 83 Cal.App.4th 371, 375.)

Greene testified the indicia of possession for sales include an individual's possession of large quantities of different types of drugs in individual packages in sellable amounts, a digital scale, and a cell phone. He also testified the absence of drug paraphernalia is consistent with possession for sales. Greene opined, based upon his training and experience and the presence of those indicia in this case, Kirkey possessed the drugs for the purpose of sales.

Kirkey does not challenge the basis for Greene's expert opinion, but the fact of the opinion itself as encroaching on the role of the trier of fact. In his appellate briefing, Kirkey cites, inter alia, *People v. Vang* (2011) 52 Cal.4th 1038, 1047–1048; *People v. Killebrew* (2002) 103 Cal.App.4th 644, 658, disapproved on another ground in *People v. Vang, supra*, 52 Cal.4th at pages 1047–1048, footnote 3; and *In re Frank S.* (2006) 141 Cal.App.4th 1192, 1196–1198 in support of his argument Greene's expert

opinion testimony was improper. Those cases are inapplicable here because they address the admissibility of a gang expert witness's opinion about a defendant's knowledge and/or intent in relation to gang-related offenses. None involved, much less addressed, the California Supreme Court case law cited *ante* affirming the admissibility of an expert witness's opinion on intent to possess drugs for sale in narcotics cases. More recently, in *People v. Camacho* (2022) 14 Cal.5th 77 at pages 131–132, the California Supreme Court reiterated the well-established rule "experienced officers may give their opinion that narcotics are held for purposes of sale" based on factors identified in *People v. Newman, supra*, 5 Cal.3d at page 53. We find no error.

II.

### We Remand for Full Resentencing

In his opening brief, Kirkey argues the trial court erred by failing to impose sentences on counts 1 and 3 before applying section 654 and therefore the matter should be remanded for resentencing for the trial court to do so. The Attorney General agrees the trial court should have imposed sentences on counts 1 and 3 before staying execution of those sentences under section 654. Citing *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473, however, the Attorney General argues a remand for resentencing is not required. He argues this court should exercise its authority under section 1260 and modify the judgment to impose midterm sentences on counts 1 and 3, given those counts involved "'essentially the same conduct' as count 2," and order those sentences stayed under section 654.

In *People v. Alford, supra*, 180 Cal.App.4th at page 1473, the appellate court considered its options when the trial court failed to impose sentence before staying execution of sentence under section 654. The appellate court stated: "[W]e could remand for a new resentencing hearing, as defendant requests. That would mean pulling defendant out of his prison programming and busing him . . . for a new sentencing hearing that will not change his actual prison time. The futility and expense of such

7

course militates against it.  Instead, as requested by the Attorney General, we will exercise our authority to modify the judgment.  (§ 1260.)  [¶] We impose a midterm sentence of two years for grand theft, because that is undoubtedly the sentence the trial court would have imposed, because the grand theft involved essentially the same conduct as the burglary. . . .  [¶] We stay execution of the grand theft sentence.  (§ 654.)" (*People v. Alford, supra*, 180 Cal.App.4th at p. 1473.)

In his reply brief, Kirkey agrees with the Attorney General counts 1 and 3 involved "'essentially the same conduct'" as that involved in count 2 and agrees under the circumstances this court may modify the judgment by imposing midterm sentences on counts 1 and 3 and ordering execution of sentence stayed as to those counts.

We decline the parties' invitation to so modify the judgment and instead remand for full resentencing because of additional sentencing errors.  Here, the reporter's transcript shows the trial court imposed the three-year midterm sentence on count 2 and then imposed a consecutive two-year term for the section 12022.1, subdivision (b) enhancement.  But the enhancement was alleged as to count 1 only; it was not alleged as to count 2.  We further observe the court's minutes state the court imposed a three-year midterm on *count 1* (although the midterm on count 1 is two years, not three) and a consecutive two-year term for the enhancement.

On remand, the trial court will have the opportunity to correct these inconsistencies and otherwise ensure compliance with all applicable sentencing statutes, including section 12022.1.

8

DISPOSITION

We affirm Kirkey's convictions but vacate his sentence and remand to the trial court for full resentencing.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


GOODING, J.