Filed 8/29/14  In re David V. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re DAVID V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID V.,<br><br>Defendant and Appellant. | F067994<br><br>(Super. Ct. No. JL004639)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  David W. Moranda, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Plaintiff and Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Cornell Acting P.J., Gomes, J., and Kane, J.

**INTRODUCTION**

On July 9, 2013, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging that David V., appellant, possessed a concealable firearm (Pen. Code, § 29610, count 1),[1] possessed live ammunition (§ 29650, count 2), and actively participated in a criminal street gang (§ 186.22, subd. (a), count 3). An enhancement was alleged on count 1 that appellant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).

At the conclusion of a contested jurisdictional hearing on August 6, 2013, the juvenile court found all of the allegations in the petition true beyond a reasonable doubt.[2] At the disposition hearing on August 13, 2013, the juvenile court placed appellant on probation upon various terms and conditions including that he serve 39 days in juvenile hall with 39 days credit for time already served and perform 32 hours of community service in the Juvenile Work Program.

Appellant contends there was insufficient evidence to sustain the gang enhancement on count 1 and insufficient evidence of count 3. Respondent replies that there was substantial evidence to support the gang enhancement but concedes there was insufficient evidence to support count 3.

**FACTS**

Merced Police Officer Reynaldo Alvarez was assigned to the Gang Violence Suppression Unit in July 2013. Alvarez had been a police officer for six and a half years. Alvarez had specific training for gang investigations, including over 120 hours of classroom training. This training included gang lifestyles, prison gangs, street gangs,

---

[1] Unless otherwise indicated, statutory references are to the Penal Code.

[2] The juvenile court also took judicial notice that appellant had admitted he committed a robbery (§ 211) in an unrelated action.

2

gang crimes, and trends in gang lifestyle. Alvarez has performed over 100 gang investigations, has interviewed gang members to learn about gang philosophy, and has studied gang tattoos and signs. Alvarez has studied gang graffiti and has talked to gang members about gang rivalries and alliances. Alvarez has also testified in the past as a gang expert.

On July 6, 2013, Alvarez went with other police officers to an address on Easy Street to serve a search warrant. They were traveling in a police van. Alvarez saw three males standing in front of the residence on Easy Street. When the three men saw the van, they took off running away from the street. Alvarez recognized one of the males as appellant and the other as Mario J. When he exited the van, Alvarez contacted Mario J. and appellant who were standing in the driveway in front of the residence on Easy Street.

Alvarez ordered appellant, Mario J., and Robert Ortiz, who came out of the garage, to the ground. The three were handcuffed. As Officer Drum was searching appellant, Alvarez heard a metallic object hit the ground. Alvarez turned around and saw a .380-caliber handgun on the ground. The gun was loaded with seven rounds of ammunition. Appellant told Alvarez that the gun belonged to him. Appellant also said he was at the residence because he considered Robert Ortiz to be his family. Appellant denied any gang affiliation.

Inside the residence, officers found a Mossberg shotgun loaded with five shotgun shells, a .40-caliber Glock handgun, and ammunition inside a lunchbox located in the garage.

Alvarez described gang world culture as having a skewed definition of respect. For gang members, respect equals fear. The more crimes gang members commit, the more they show their dedication to the gang and the more respect they will get from fellow gang members. Fear also equals power for gang members. When a gang member beats up someone, that person gets more respect from fellow gang members. When a

gang member possesses a firearm, it benefits the gang because that gang member is able to provide protection and to attack rivals or enemies.

When a gang member has a firearm, he gets respect from peers and fright from rival gang members because the rivals know their enemies are willing to commit violent assaults and shootings. This culture applies to adult and juvenile gang members. Older gang members are aware that if they are caught with firearms, especially if they have a prior criminal record, they are looking at serious time. Younger gang members do not face the same severe punishment. Older gang members therefore have younger gang members sell drugs, possess firearms, and commit shootings to show loyalty to the gang and to older gang members.

Alvarez has talked to over 500 Norteño gang members and is familiar with their colors and number. The Norteños wear red and are committed to violent crimes including shootings, stabbings, robberies, assaults, narcotic sales, and firearms. Apolonio Serena, a Norteño gang member, was convicted in 2013 of robbery. Another member of the Norteños, Raymond Rodriguez, was convicted of assault by means likely to cause great bodily injury in June 2012. Both crimes are listed in section 186.22, subdivision (e). Appellant is a member of the Norteño gang.

Alvarez is aware of appellant's membership because appellant told juvenile hall staff of his affiliation when he was booked in the past into juvenile hall. Alvarez opined that appellant was an active member of the Norteño gang because he was committing crimes with other members of the Norteño gang at the residence of an older Norteño gang member, Robert Garcia. Robert Ortiz is also a member of the Norteño gang. Alvarez opined that appellant possessed the handgun for the benefit of the Norteño gang.

Elaborating on the reasons for his opinion that appellant's possession of the gun was for the benefit of and at the direction of a criminal street gang, Alvarez stated there were three gang members at the residence associating together. They were in possession

4

of firearms as directed by the Norteños.  As a younger gang member, appellant was proving himself and showing loyalty to the gang by committing crimes for the gang, in this case, possession of a firearm for self-protection and to attack rivals.

## SUBSTANTIAL EVIDENCE OF GANG ENHANCEMENT

Appellant contends there is insufficient evidence of the specific intent requirement to uphold the section 186.22, subdivision (b) enhancement.  We disagree.

Section 186.22 is part of the California Street Terrorism Enforcement and Prevention Act, also known as the STEP Act.  (§ 186.20.)  Section 186.22, subd. (b)(1) provides in relevant part that "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be" further punished.

When the sufficiency of the evidence to sustain a gang enhancement is challenged on appeal, we review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence, evidence that is credible and of solid value, from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  (*People v. Hill* (1998) 17 Cal.4th 800, 848-849; *People v. Duran* (2002) 97 Cal.App.4th 1448, 1456-1457; *People v. Villalobos* (2006) 145 Cal.App.4th 310, 321-322.)  This same standard applies in juvenile cases.  (*In re Macidon* (1966) 240 Cal.App.2d 600, 607.)

Appellate courts do not determine the facts in reviewing a challenge to the sufficiency of the evidence.  We examine the record as a whole in the light most favorable to the judgment and presume the existence of every fact the trier of fact could reasonably deduce from the evidence in support of the judgment.  (*People v. Guerra*

5

(2006) 37 Cal.4th 1067, 1129 [questioned on another ground in *People v. Rundle* (2008) 43 Cal.4th 76]; *People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  Unless the testimony of a single witness is physically impossible or inherently improbable, it is sufficient for a conviction.  (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

An appellate court must accept logical inferences that the jury might have drawn from circumstantial evidence.  (*People v. Maury* (2003) 30 Cal.4th 342, 396.)  Before setting aside the judgment of the trial court for insufficiency of the evidence, it must clearly appear that there was no hypothesis whatever upon which there was substantial evidence to support the verdict.  (*People v. Conners* (2008) 168 Cal.App.4th 443, 453; *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

Appellant contends that there was no evidence presented that, by possessing the loaded handgun, he had the specific intent to promote or to engage in any criminal conduct for the benefit of the Norteño criminal street gang.  Appellant argues the present case is indistinguishable from the factual situation before this court in *In re Frank S.* (2006) 141 Cal.App.4th 1192 (*Frank S.*).  In *Frank S.*, a police officer detained a minor for failing to stop at a red traffic light while riding a bicycle.  The officer found a concealed knife on the minor, who explained he carried the knife for protection against the "southerners," a local gang.  The minor later admitted he was affiliated with a rival gang.  The prosecution's gang expert testified the minor's possession of the knife benefitted his gang because members would use the knife for protection or to assault rival gangs.  (*Id.* at pp. 1195-1196.)

This court reversed the true finding on the enhancement in *Frank S.*, explaining the prosecution presented no evidence other than the expert's general opinion regarding gangs, and the expert's inadmissible opinion on the ultimate issue, to establish that possession of the weapon was committed for the benefit of or at the direction of a criminal street gang.  The prosecution presented no evidence that the minor was in gang

6

territory, was with gang members, or had any reason to expect to use the knife in a gang-related offense. The only other evidence presented was the minor's statement to the arresting officer that he had been jumped two days prior and needed the knife for protection. The *Frank S*. court held that to allow the expert to state the minor's specific intent for the knife without any other substantial evidence opened the door for prosecutors to enhance many felonies as gang-related and extended the purpose of the statute beyond what the Legislature intended. (*Frank S., supra,* 141 Cal.App.4th at p. 1199.)

*Frank S*. held that the evidence there showed no more than the minor's affiliation with the gang, and that membership alone did not prove a specific intent to use the knife to promote, further, or assist in gang members' criminal conduct. (*Frank S., supra,* 141 Cal.App.4th at p. 1199.) We found no substantial evidence supported the expert's opinion the minor acted with the requisite intent. (*Ibid.*)

The facts here are distinguishable from *Frank S.* There is no question that appellant was a Norteño gang member. Appellant had previously admitted gang membership when booked into juvenile hall. He was with two other known Norteño gang members and was at the residence of a fourth known member of the Norteño gang. Appellant claimed one of those two, Robert Ortiz, as a friend. Other loaded weapons and ammunition were located at the same residence. Officer Alvarez testified as a gang expert that minors are used by older gang members to commit crimes and to possess weapons for the benefit of the Norteño gang so the older gang members could avoid the harsher penalties given to adults.[3]

---

**3** While an expert may not testify directly whether a defendant committed an offense for gang purposes, he or she may express an opinion based on hypothetical questions that track the evidence, whether the offense, if it in fact occurred, would have been for gang purposes. Expert opinion that particular criminal conduct benefited a gang is permissible

7

Circumstantial evidence of specific intent is sufficient. If substantial evidence otherwise establishes the offense is gang-related, the trier of fact may infer that the defendant had the specific intent to promote, further, or assist any criminal conduct by gang members. (*Albillar*, *supra*, 51 Cal.4th at pp. 67-68.) We find there is substantial evidence to tie appellant and his offense to the Norteño gang and that the facts of the *Frank S.* case are inapposite to the instant action.

## INSUFFICIENT EVIDENCE OF COUNT 3

The parties concede there was insufficient evidence of count 3 because there was no evidence appellant was committing his offense with other gang members or that he was acting collectively when he committed his crime. The California Supreme Court has held that a violation of section 186.22, subdivision (a) requires that the crime be committed collectively with other gang members. In *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130-1139 (*Rodriguez*), a member of a gang committed a robbery by himself. Our high court found crimes committed by gang members acting alone are insufficient to sustain a conviction under section 186.22, subdivision (a). (*Rodriguez*, *supra*, 55 Cal.4th at pp. 1130-1139.) The decisions of the Supreme Court are binding on all lower courts. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we will reverse count 3 for insufficiency of the evidence.

## DISPOSITION

The juvenile court's true finding on count 3 is reversed for insufficiency of the evidence. The remaining orders of the juvenile court are affirmed.

---

and can be sufficient to support the gang enhancement. (*People v. Vang* (2011) 52 Cal.4th 1038, 1048, quoting *People v. Albillar* (2010) 51 Cal.4th 47, 63 (*Albillar*).)